The **RIVER PLATE REINSURANCE COMPANY, LTD., Plaintiff,**

v.

The **JAY–MAR GROUP, LTD. and Jay Martin, Defendants.**

No. 84 Civ. 223 (WCC).

United States District Court, S.D. New York.

May 22, 1984.

Kroll, Pomerantz & Cameron, New York City, for plaintiff; Leigh R. Isaacs, New York City, of counsel.

D'Amato & Lynch, New York City, for defendants; John J. Cullen, Richard A. Sarner, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

Plaintiff River Plate Reinsurance Company, Ltd. ("River Plate") brought suit against defendants Jay-Mar Group, Ltd. ("Jay-Mar") and Jay Martin ("Martin"), asserting various causes of action arising out of an agency agreement under which Jay-Mar was to issue insurance on behalf of River Plate. The complaint alleges breach of the agency agreement, negligence, fraud, breach of fiduciary duty, and violations of the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1961 *et seq.* The matter is now before the Court on defendants' motion to dismiss the fraud count pursuant to F.R. Civ.P. 9(b) for failure to plead with sufficient particularity, and to dismiss the RICO count pursuant to F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons below, these two counts are dismissed with leave to replead. Defendants' request that River Plate be required to post a bond is denied.

## I. The Fraud Allegations

The complaint alleges, briefly, that plaintiff and defendants entered into an agreement whereby Jay-Mar would issue insurance on behalf of River Plate against loss of or damage to individually owned and operated trucks and trailers and defendants would receive a specified percentage of the premiums collected. Compl. at ¶ 6. Plaintiff contends that defendants' responsibilities under the agreement were, *inter alia*, to solicit business through insurance agents known to them, to charge reasonable yearly premiums of three to five percent, to issue individual certificates of insurance, to enter into a "Quota Share Contract" under which 50% of the risk underwritten was reinsured, to investigate, adjust and pay claims from premiums collected, and to comply with all relevant statutes and regulations governing such insurance. Compl. at ¶ 7.

Plaintiff alleges, upon information and belief, that defendants obtained business from a company unknown to them, that they failed to comply with relevant Colorado insurance regulations in issuing a master policy to the Industrial Insured Owner Operator Program, that they charged an unreasonable premium of only one percent on this occasion, and that they failed properly to reinsure any portion of the risk insured under this master policy. Compl. at ¶ 10. The complaint states further:

> On numbers of occasions, each defendant represented to plaintiff that defendants were fulfilling their obligations under said agency agreements, including underwriting risks based upon a review of relevant motor vehicle records, an application completed the prospective assured [sic] and other criteria, and having entered into a "Quota Share Contract" with Cambridge Re whereby fifty (50%) percent of all risks insured on behalf of plaintiff were reinsured.

Compl. at ¶ 11. The complaint alleges that defendants' representations that they were fulfilling their obligations under the agency agreement were "false and known to be false when made," Compl. at ¶ 23, that defendants induced plaintiff to rely on these statements in order to assure that the agency relationship would continue, Compl. at ¶ 24, that plaintiff allowed defendants to continue collecting commissions in reliance on these statements, Compl. at ¶ 25, and that as a result, plaintiff was damaged in an indeterminate amount exceeding $10,000. Compl. at ¶ 27. The only specific references to plaintiff's injuries appear in paragraphs 13 and 14; plaintiff alleges that Jay-Mar paid out a total of $11,537.98 in claims from premium payments which would otherwise have been remitted to plaintiff, and that more than $90,000 in other claims remained unpaid by defendants.

**1.** Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

**2.** Plaintiff's memorandum of law indicates that New York's substantive law governs this controversy. Defendants have not suggested otherwise, and there is no reason to believe the elements of fraud would differ significantly were another state's law applied. For present purposes, then, the Court proceeds under the assumption that plaintiff is correct.

Rule 9(b) of the F.R.Civ.P. provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Although the Rule 9(b) requirement may appear to run contrary to the simplified pleading approach adopted in Rule 8,[1] this special provision serves several important objectives:

> First, it ensures that the allegations are specific enough to inform a defendant of the act of which the plaintiff complains and to enable him to prepare an effective response and defense. Second, it eliminates those complaints filed "as a pretext for discovery of unknown wrongs." A plaintiff in a non 9(b) suit can sue now and discover what his claim is, but a Rule 9(b) claimant must know what his claim is when he files it. Third, Rule 9(b) seeks to protect defendants from unfounded charges of wrongdoing which injure their reputations and goodwill.

2A J. Moore, *Moore's Federal Practice*, ¶ 9.03 at 9–17 n. 2a (2d ed. Supp. 1982–83); *see also Ross v. A.H. Robins Co.*, 607 F.2d 545, 557 (2d Cir.1979); 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* ¶ 1297 at 403–404 (1969).

A plaintiff desiring to plead a *prima facie* case of fraud under New York law must allege: (1) representation of a material existing fact; (2) falsity; (3) scienter; (4) deception and (5) injury.[2] *Samuels v. Eleonora Beheer, B.V.*, 500 F.Supp. 1357, 1361 (S.D.N.Y.1980). However, a pleading that "simply avers the technical elements of fraud does not have sufficient informational content to satisfy [Rule 9(b)'s] requirement." 5 C. Wright & A. Miller, *supra*, § 1297 at 404. Generally, the pleader "must state the time, place and content of the false misrepresentation and what was obtained or given up as a consequence of the fraud." 2A J. Moore, *supra*,

¶ 9.03 at 9–20 to 9–24. *See also Hunter v. H.D. Lee Co., Inc.*, 563 F.Supp. 1006, 1012 (S.D.N.Y.1983); *Marcraft Recreation Corp. v. Francis Devlin Co.*, 506 F.Supp. 1081, 1087 (S.D.N.Y.1981); *Posner v. Coopers & Lybrand*, 92 F.R.D. 765, 768 (S.D.N.Y.1981). Pleadings based upon information and belief are generally insufficient under Rule 9(b), unless they are accompanied by a statement of facts upon which the belief is founded. 5 C. Wright & A. Miller, *supra*, § 1298 at 416; *Posner*, 92 F.R.D. at 769 n. 3.[3] Rule 9(b) provides that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally," but the courts have frequently required that plaintiffs supply some factual basis for conclusory allegations as to state of mind as well as other elements. *See, e.g., Ross v. A.H. Robins Co.*, 607 F.2d 545, 558 (2d Cir.1979); *Posner*, 92 F.R.D. at 769.

■ Measured against these standards, River Plate's complaint falls short. Plaintiff asserts that in paragraph 11 of the complaint, it properly identified the three false statements forming the basis of the fraud count. The first of these misrepresentations is that defendants "were fulfilling their obligations under [the] agency agreements." I question whether a plaintiff should be able to use such a broad statement, in conjunction with a variety of allegations establishing a cause of action for breach of contract, to create an additional cause of action for fraud. Assuming that this is the sort of "misrepresentation" that can form the basis of a fraud claim, however, the plaintiff must certainly comply strictly with specificity requirements, including, at minimum, the time and place of the communication. River Plate has not provided these specifics and it is difficult to imagine how Jay-Mar could defend against the claim without them.

The second statement sets forth in paragraph 11 of the complaint, that defendants reviewed relevant motor vehicle records and applications, completed by the prospective assureds, is inadequate in all respects. First and most apparent, the complaint contains no allegation that this representation was false. In addition, no time or place is specified, there is no allegation of reliance, and plaintiff fails to assert that defendants knew the statement was false when made. The third statement cited by plaintiff, that defendants had entered into the 50% reinsurance contract, is specific. It should have been accompanied, however, by an indication of the time and place the representation was made, and by allegations of reliance and knowledge.

The remedy of dismissal with prejudice sought by defendants is a drastic one, and is unwarranted under these circumstances. Allowing plaintiff an opportunity to replead its fraud allegations so that they conform to Rule 9(b) requirements comports more closely with the liberal amendment policy underlying Rule 15. *Hunter v. H.D. Lee Co., Inc.*, 563 F.Supp. 1006, 1012 (S.D.N.Y. 1983). The fraud counts are therefore dismissed with leave to replead. On repleading, plaintiff should supply the specifics noted above and, if possible, should provide facts giving rise to an inference that defendants knew their statements were false when made. River Plate should also clarify precisely how it was injured as the result of its reliance on Jay-Mar's fraudulent misrepresentations.[4]

## II. The RICO Count

■ River Plate has attempted to cast Jay-Mar's alleged wrongdoing in terms of a RICO violation by referring to the earlier allegations of fraud and then asserting that defendants furthered their fraudulent

---

**3.** An exception is generally made for matters peculiarly within the knowledge of the adverse party. 5 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 1298 at 416.

**4.** The allegations of injury in the complaint are vague and the explanation provided in plaintiff's memorandum is of little help. Plaintiff argues that it was damaged because it paid commis-

sions to Jay-Mar and was forced to pay claims for damage to trucks and trailers which should never have been insured. Pl.Mem. at 16. Assuming the policies should not have been issued, however, it is difficult to see how plaintiff was injured absent some allegation that plaintiff paid out more in claims than it received in premiums.

scheme by causing documents to be sent through the United States mails and by misusing interstate communication facilities. The RICO count incorporates 18 U.S.C. § 1961 by reference, but fails even to allege the existence of a criminal enterprise. In light of plaintiff's failure to track the appropriate statutory language, and its failure adequately to plead the "fraudulent scheme" underlying the mail fraud and wire fraud allegations, this count is dismissed as well, with leave to replead. *See Mauriber v. Shearson/American Express Inc.*, 546 F.Supp. 391, 397 (S.D.N.Y.1982) ("[T]he complaint alleges a violation of RICO by vaguely referring back to all of the preceeding ... securities fraud allegations [that] fail in numerous respects to comply with the specificity requirements of Fed.R.Civ.P. 9(b). Until such time as plaintiff adequately pleads fraud it will not be known whether a RICO violation is properly alleged.") [5]

III. Defendants' Request for Security

■ Defendants have requested that plaintiff be required to post a bond, under Rule 39 of the Civil Rules for the Southern District of New York, in order to cover defendants' expenses. Jay-Mar argues that the instant action is purely vexatious, plaintiff having "no factual basis for suing the defendants." Def.Mem. at 21. As discussed above, the allegations of fraud are inadequate in their present form; nonetheless, I am not convinced that a factual basis for the claim is entirely lacking, or that plaintiff has no sincere resolve to pursue the case to final judgment, despite defendants' suggestion. *Id.* The request for a bond is therefore denied.

For the foregoing reasons, counts three and five of the complaint are dismissed. Plaintiff has leave to replead these counts within four weeks from the date of this Opinion and Order.

SO ORDERED.

---

**5.** Defendant has not raised the issue, and I express no opinion at this time about whether the RICO provision creating a private right of action was intended to cover the acts complained of here.